**Patricia A. Ames, Esquire**
Ames Law Group, LLC
24 Veterans Square
Media, PA 19063
(888) 200-1270
paa@getameslaw.com
PA Attorney ID No. 325396
Attorney for Plaintiffs, Christine Fandozzi and Chris Fandozzi

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| **ANDREW THOMAS PLOWMAN,** Debtor. | Bky. No. 26-12521-pmm |
| | Adv. Proc. No. _____ |
| _____ | |
| **CHRISTINE FANDOZZI and CHRIS FANDOZZI,** Plaintiffs, | |
| v. | |
| **ANDREW THOMAS PLOWMAN,** Defendant. | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
### PURSUANT TO 11 U.S.C. § 523(a)(2)(A) AND 11 U.S.C. § 523(a)(6)

Plaintiffs Christine Fandozzi and Chris Fandozzi (collectively, "Plaintiffs"), by and through their attorney, Patricia A. Ames, Esquire, of Ames Law Group, LLC, bring this Complaint against Defendant Andrew Thomas Plowman (the "Debtor" or "Defendant"), and in support thereof aver as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding arises in and relates to the above-captioned Chapter 7 bankruptcy case of the Debtor, which is pending in this Court at Bky. No. 26-12521-pmm.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference of the United States District Court for the Eastern District of Pennsylvania.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. This adversary proceeding is commenced pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6), and Federal Rule of Bankruptcy Procedure 7001(6).

6. Plaintiffs consent to the entry of final orders and judgment by this Court.

### THE PARTIES

7. Plaintiff Christine Fandozzi is an adult individual residing at 108 Embassy Drive, North Wales, Pennsylvania 19454.

8. Plaintiff Chris Fandozzi is an adult individual residing at 108 Embassy Drive, North Wales, Pennsylvania 19454.

9. Defendant Andrew Thomas Plowman is an adult individual residing at 239 Arden Road, Conshohocken, Pennsylvania 19428, and is the debtor in the above-captioned Chapter 7 bankruptcy case.

10. At all relevant times, the Debtor was the sole member and operator of J&A Goods, LLC, a limited liability company that did business as Plowman Kitchen and Bath and EcoView Windows of Philadelphia (the "Company"), through which the Debtor conducted a home improvement contracting business.

### FACTUAL BACKGROUND

11. On or about January 23, 2026, the Debtor, together with an assistant identified as "Jessica," met with Plaintiffs at Plaintiffs' home located at 108 Embassy Drive, North Wales, Pennsylvania 19454, to discuss a kitchen remodel and cabinet refacing project.

12. On or about February 5, 2026, the Debtor issued Proposal No. PKB1050-0043-1 (Job No. PKB1050-0043) for the project, which Plaintiff Chris Fandozzi executed the same day. The total contract price was $30,320.54.

13. In reliance on the Debtor's representations that he would perform the contracted work and order the materials necessary to do so, Plaintiffs paid the Debtor a series of installments toward the project.

14. After receiving Plaintiffs' funds, the Debtor sent Plaintiffs a series of weekly update communications in which he affirmatively represented that the materials for Plaintiffs' project had been ordered.

15. The Debtor's representations that the materials had been ordered were false. No materials were ever ordered for Plaintiffs' project, as later confirmed by the Company's former designer, who advised that no materials had ever been ordered.

16. The Debtor never performed any of the contracted work, never ordered or delivered any materials, and never refunded any portion of the funds Plaintiffs paid.

17. This is not a dispute about the quality of the Debtor's workmanship or the quality of any materials. The Debtor performed no work of any kind and purchased no materials of any kind for Plaintiffs' project. There was no defective work to correct and no substandard goods to return or replace, because the Debtor never began the work and never acquired anything for it. The Debtor took Plaintiffs' money for work he never performed and never intended to perform, and for materials he never purchased and never intended to purchase.

18. By letter dated March 20, 2026, the Debtor notified Plaintiffs that the Company would be ceasing operations and filing for Chapter 7 bankruptcy, and directed all further communications to his counsel.

19. On June 11, 2026, the Debtor commenced the above-captioned Chapter 7 bankruptcy case.

20. In his bankruptcy schedules, the Debtor listed Plaintiffs' claim on Schedule E/F as a nonpriority unsecured claim in the amount of $17,192.32, arising from a "Home Improvement Contract – unearned deposit," and identified J&A Goods, LLC as a codebtor on Schedule H.

21. The amount the Debtor obtained from Plaintiffs and has not refunded is no less than $17,192.32 (the "Debt").

22. Plaintiffs are not the only customers from whom the Debtor obtained funds for home improvement projects that the Debtor never performed. The Debtor's own bankruptcy schedules identify numerous additional individuals holding claims described as "Home Improvement Contract – unearned deposit," reflecting a consistent pattern and practice by the Debtor of accepting customer deposits for work he did not perform and materials he did not order or supply.

23. The pattern reflected in the Debtor's schedules demonstrates that, at the time the Debtor accepted Plaintiffs' funds, the Debtor did not intend to perform the contracted work or to apply Plaintiffs' funds to their project.

### COUNT I
### 11 U.S.C. § 523(a)(2)(A)
### (False Pretenses, False Representation, and Actual Fraud)

24. Plaintiffs incorporate the foregoing paragraphs as though fully set forth herein.

25. Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt for money, property, or services obtained by false pretenses, a false representation, or actual fraud.

26. The Debtor made representations to Plaintiffs, including that he would perform the contracted home improvement work and that he had ordered the materials necessary for Plaintiffs' project.

27. The Debtor's representations were false when made, and the Debtor knew them to be false. The Debtor did not order the materials he represented had been ordered, and he did not intend to perform the work he represented he would perform. The Debtor's misrepresentations were knowing and intentional; they were not the product of negligence, mistake, or a good-faith inability to complete the work.

28. The Debtor's liability does not arise from defective workmanship, from goods or materials of inadequate quality, or from any failure to perform work to a required standard, because the Debtor performed no work and supplied no materials at all. The Debtor's liability arises from his having obtained Plaintiffs' money by falsely representing that he would perform work and had ordered materials, when in truth he did neither and intended to do neither.

29. At the time the Debtor accepted Plaintiffs' funds, the Debtor had no present intention of performing the contracted work, ordering the materials, or otherwise applying Plaintiffs' funds to their project.

30. The Debtor made the representations with the intent to deceive Plaintiffs and to induce them to pay funds to the Debtor.

31. Plaintiffs justifiably relied on the Debtor's representations in paying funds to the Debtor.

32. As a direct and proximate result of the Debtor's false pretenses, false representations, and actual fraud, Plaintiffs sustained damages in an amount no less than $17,192.32, together with interest and costs.

33. The Debt is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

**COUNT II**
**11 U.S.C. § 523(a)(6)**
**(Willful and Malicious Injury, Pleaded in the Alternative)**

34. Plaintiffs incorporate the foregoing paragraphs as though fully set forth herein.

35. Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

36. Plaintiffs entrusted their funds to the Debtor for the specific purpose of funding the materials and labor for their home improvement project.

37. Rather than applying Plaintiffs' funds to their intended purpose, the Debtor converted Plaintiffs' funds to his own use and the use of others.

38. The Debtor's conversion of Plaintiffs' funds was willful and malicious, in that it was deliberate and intentional and was substantially certain to cause injury to Plaintiffs.

39. As a direct and proximate result of the Debtor's willful and malicious conduct, Plaintiffs sustained damages in an amount no less than $17,192.32, together with interest and costs.

40. The Debt is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant Andrew Thomas Plowman as follows:

(a) Determining that the Debt owed by the Debtor to Plaintiffs, in an amount no less than $17,192.32, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

(b) In the alternative, determining that the Debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

(c) Entering a money judgment in favor of Plaintiffs and against the Debtor in an amount no less than $17,192.32, together with prepetition and postpetition interest, attorneys' fees to the extent permitted by law, and costs of suit; and

(d) Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

AMES LAW GROUP, LLC

By: /s/ Patricia A. Ames
Patricia A. Ames, Esquire
24 Veterans Square
Media, PA 19063
(888) 200-1270
paa@getameslaw.com
PA Attorney ID No. 325396
Attorney for Plaintiffs,
Christine Fandozzi and Chris Fandozzi

Date: _____ July 10 _____, 2026